

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

**ENTERED**
**01/04/2011**

| | | |
|---|---|---|
| IN RE: | § | |
| CORPUS CHRISTI HARDWARE, LLC; dba | § | CASE NO: 10-20213 |
| ACE HARDWARE | § | |
| Debtor(s) | § | |
| | § | CHAPTER  11 |
| | § | |
| RED ACE SARATOGA, LTD, *et al* | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 10-2047 |
| | § | |
| EDWARD MARCUS ASBURY | § | |
| Defendant(s) | § | |

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

On this day came on for consideration the Motion to Dismiss (docket #4) filed by the

Defendant Edward Marc Asbury ("Defendant"). The Court, having heard the evidence and

arguments of counsel, finds that the Motion to Dismiss should be granted.

### BACKGROUND

The Defendant filed a Petition, Case No. 10-20214, and an Order for Relief was entered

under 11 U.S.C. Chapter 11 on March 11, 2010. Simultaneously with the filing of the

Defendant's Petition, various entities related to Defendant also filed Petitions, to-wit: Asbury

Enterprises, LLC, 10-20215; Asbury Properties, LLC, 10-20216; Flour Bluff Hardware, Ltd,

1020217; North Padre Island Hardware, Ltd., 10-20218; Padre Island Hardware, LLC., 10-

20219; Port Aransas Hardware, Ltd., 10-20220; Port Lavaca Hardware, Ltd., 10-20221; Portland

Hardware, LLC., 10-20222; Raymondville Hardware, LLC., 10-20223; Weslaco Hardware, Ltd.,

10-20224; Anglers Marine Center, LLC., 10-20227; Asbury Ace Hardware, LLC., 10-20251;

Corpus Christi Hardware, LLC d/b/a ACE Hardware Case No. 10-20213.

On March 12, 2010, this Court entered an Order For Joint Administration of Cases whereby all of the related cases described above were ordered administered under one number which is Case No. 10-20213. It was further ordered that all pleadings and papers would be filed in Case No. 10-20213. On March 24, 2010 a "Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines" was issued, setting the Debtors' meeting of creditors for April 15, 2010. The Notice was mailed to the Plaintiff's address. The Defendant appeared at the creditors' meeting and the meeting was concluded. Five months later, on September 15, 2010, Plaintiffs filed a Complaint To Deny Dischargeability Of Indebtedness Pursuant Of 11 U.S.C. §523(a)(2)(4).

## DISCUSSION

The Complaint in this core proceeding should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding through Federal Rules of Bankruptcy Procedure 7012(b), on the grounds that it was filed past the deadline for filing a complaint to determine dischargeability of a debt under 11 U.S.C. § 523(c).

Federal Rule of Bankruptcy Procedure 4007(c) establishes a deadline for filing a complaint to determine dischargeability of a debt under 11 U.S.C. § 523(c) of 60 days after the first date set for the meeting of creditors. *In re Harbaugh*, 301 B.R. 317, 320 (B.A.P. 8th Cir. 2003). Included in §523(c) are debts arising under § 523(a)(2), (4), (6) and (15). 11 U.S.C. § 523(c)(1). Rule 4007(c) is analogous to a statute of limitation and strictly construed. *Harbaugh*, 301 B.R. at 320.

Plaintiffs filed their Complaint on September 15, 2010, months after the deadline for filing a complaint to determine dischargeability of a debt under 11 U.S.C. §523(c). Rule 4007(c) permits the court to extend the deadline for cause. However, the motion for extension "shall be

filed before the time has expired." Fed. R. Bankr. P. 4007(c).  Federal Rule of Bankruptcy

Procedure 9006(b), which governs enlargements of time, states: "The court may enlarge the time

for taking action under Rule … 4007(c) … only to the extent and under the conditions stated in

[that rule]." Thus, Rule 4007(c) permits an extension of time to file dischargeability complaints

only when a request is filed before the time has expired. *Harbaugh*, 301 B.R. at 320.

Plaintiffs failed to file any motion for an extension before the deadline has expired and

failed to state any rule of law that would create an exception for their untimely filed Complaint.

Some courts have found that the deadline may be extended if the creditor was affirmatively

misled by the bankruptcy court as to the filing deadline. *In re Perkins*, 271 B.R. 607, 614 (B.A.P.

8th Cir. 2002). In *Perkins*, the bankruptcy clerk's office improperly set a new deadline for filing

dischargeability complaints after the bankruptcy court entered an order deferring discharge. *Id.*

The Bankruptcy Appellate Panel allowed the creditor to file a late dischargeability complaint

based on its reliance on the clerk's second deadline. *Id.*

There was no affirmative act by the bankruptcy court to mislead the Plaintiffs as to the

filing deadline. Plaintiffs' Complaint states that no "Deadline to File a Complaint" was set or

issued. The deadline for a complaint to determine a debt nondischargeable is 60 days after the

first date set for the §341 meeting. The failure to issue a deadline to each creditor does not make

the Plaintiffs' Complaint timely. Additionally, the failure to issue a deadline could not be

interpreted as affirmatively misleading the Plaintiffs. *See, Matter of Barnett*, 265 Fed.Appx. 265,

2008 U.S. App. Lexis 2863 (5th Cir. 2008)(affirming dismissal of untimely dischargeability

complaint when delay was caused by creditor's attorney's mis-calendaring and not misconduct

by debtor).

Plaintiffs failed to file their Complaint timely and did not seek and extension of time prior to the deadline. Accordingly, the proper remedy is dismissal.

SIGNED 01/04/2011.

Richard S. Schmidt
United States Bankruptcy Judge